IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ADAM FULLER, STEVE SPRAGUE, GABRIELLA GOURDIN, CHARLOTTE JONES, MIKAELI LECHUGA, AIMEE NGUYEN, STEVE ROSALES, HANNAH WILSON, RILEY WESTERGARD, TED WINKWORTH, BROGAN KNEBEL, REBECCA RODRIGUEZ, PATRICK MAC, and ANNIKA BOUTTAVONG,<br><br>Plaintiffs,<br><br>v.<br><br>SALT LAKE CITY,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:21-cv-593-HCN<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

59 days after the court entered judgment against Plaintiffs in this action, 50 days after Defendant Salt Lake City filed its bill of costs, and 14 days after the Clerk of Court taxed costs, Plaintiffs filed Docket Number 90, which they styled "Plaintiffs' Opposition to Salt Lake City's Bill of Costs." Defendant replied that this filing was "procedurally improper and untimely" and "should be rejected outright." Dkt. No. 91 at 2. Plaintiffs then filed Docket Number 92, "Plaintiffs' Reply to Salt Lake City's Opposition to Objection to Bill of Costs." Defendant now moves to strike both of Plaintiffs' filings as untimely. The court grants the City's motion.

The court agrees that Docket Number 90 is untimely. If that submission is construed as an objection to Defendant's bill of costs, it is untimely under DUCivR 54-1(b)(2)(C)(i), which requires that such objections "be filed within 14 days after service of the bill of cost." If the submission is instead construed as a request for judicial review of the Clerk's taxation of costs, it is untimely under Federal Rule of Civil Procedure 54(d)(1), which provides that "[o]n motion served within the next 7 days" after the Clerk taxes costs, "the court may review the clerk's action," as well as DUCivR 54-1(b)(2)(E), which specifies that "[a] party may seek judicial

review of the taxation of costs by filing a motion within 7 days of the clerk's entry of the bill of costs." Finally, if Plaintiffs' submission is construed as motion to alter or amend the judgment, it is untimely under Federal Rule of Civil Procedure 59(e), which requires that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." The submission is thus untimely however it is construed.

Plaintiffs argue that they reasonably believed their submission was timely under DUCivR 54-1(b)(2)(C)(i). They point to the following language from the Clerk's taxation of costs: "Plaintiffs' arguments related to whether costs should be taxed can be raised before the court by filing the appropriate motion." Dkt. No. 89 at 1. Plaintiffs claim this language gave them the impression that their original objection to the City's bill of costs was premature, that the Clerk's taxation of costs was the true "bill of costs" to which they were supposed to object, and thus that their objection to the Clerk's taxation of costs could be filed within 14 days of the taxation of costs under DUCivR 54-1(b)(2)(C)(i).

But that interpretation of the Clerk's language and the local rules is not reasonable. Both Federal Rule of Civil Procedure 54(d)(1) and DUCivR 54-1(b)(2)(E) clearly state that after the Clerk taxes costs, a motion for judicial review of that action must be filed within seven days. The Clerk merely stated that some of Plaintiffs' arguments regarding costs implicated the court's discretion and thus could be raised only "by filing the appropriate motion" addressed to the court. Dkt. No. 89 at 1. In context, it is obvious that "the appropriate motion" for raising such arguments would be a motion for judicial review under DUCivR 54-1(b)(2)(E).[1]

---

[1] In at least two subsequent filings, Plaintiffs misquote the Clerk's language as stating: "Should Plaintiffs wish to raise additional objections, they may do so by filing the appropriate motion before the Court." Dkt. No. 94 at 2; Dkt. No. 95 at 3. But that simply is not the language the Clerk used. The Clerk made no reference to raising additional *objections*. Rather, the Clerk

2

Finally, Plaintiffs seek leave to file their submission "out of time" under Federal Rule of Civil Procedure 6(b)(1)(B). Dkt. No. 94 at 2. But because Plaintiffs' filing was untimely however it is construed, and because their failure to file timely was due only to their misunderstanding of the local rules, they cannot show "excusable neglect" under this Rule. After all, "it is well established that inadvertence, ignorance of the rules, and mistakes construing the rules do not constitute excusable neglect for purposes of Rule 6(b)." *Quiqley v. Rosenthal*, 427 F.3d 1232, 1238 (10th Cir. 2005). Indeed, "[t]he excusable neglect standard can *never* be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules"—regardless of whether the delay was prejudicial or other equitable factors weigh in favor of extending the deadline. *United States v. Natera*, 200 F. App'x 808, 811 (10th Cir. 2006) (emphasis added) (quoting *United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004)).

The court accordingly **GRANTS** Docket Number 93, Defendant's motion to strike Docket Number 90, Plaintiffs' Opposition to Bill of Costs, as well as Docket Number 92, Plaintiffs' reply in support of their untimely submission. These filings will be **STRICKEN** from the docket. The court **DENIES** Docket Number 94, Plaintiffs' Motion for Leave to File Objection to Taxation of Costs.

**IT IS SO ORDERED**.

Dated this 18th day of August, 2025.

BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge

---

stated that Plaintiffs could make arguments implicating the court's discretion only "by filing the appropriate motion"—which obviously would be a motion for judicial review of the Clerk's taxation of costs under DUCivR 54-1(b)(2)(E), not objections to Defendant's bill of costs under DUCivR 54-1(b)(2)(C)(i).